UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:25-CV-896-TLS-AZ |
| CENTURION, NURSES, DOCTOR, | |
| Defendants. | |

**OPINION AND ORDER**

Delashun Baggett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett filed a twelve-page complaint alleging that he has been "abused" by medical staff since he has been at the Miami Correctional Facility ("MCF"). ECF 1 at 1. He claims he has been assaulted physically, and that staff have used "medication as a weapon." *Id.* He complains about both the medical treatment he has received and the failure to provide medical treatment for numerous conditions. After watching an inmate die while medical staff allegedly failed to act with urgency, Baggett indicates he is afraid to go to the medical department because he thinks unspecified members of the medical staff may also allow him to die.

Baggett has sued three defendants: Centurion, Nurses, and Doctors. Baggett cannot state a plausible claim against the medical staff as a whole. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding that allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). Accordingly, Baggett cannot proceed against the nurses or doctors he named as defendants.

Baggett also sued Centurion. A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc*., 987 F.3d 647, 654 (7th Cir. 2021). Baggett alleges that Centurion has engaged in a pattern of negligence. Negligence, however, generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that negligence or medical malpractice do not constitute deliberate indifference). Baggett has not alleged facts from which it can be plausibly inferred that Centurion had a policy that led to a violation of his constitutional rights. Therefore, he may not proceed against Centurion.

Baggett's complaint asserts many different alleged wrongs allegedly perpetrated by various medical staff, but it is short on facts, dates, and specifics about his medical conditions,

his requests for assistance, and the responses and care he received. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

      This complaint does not state a claim for which relief can be granted. If Baggett believes he can state a claim against one or more specific defendant based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." He needs to complete every section of the complaint, referring to each defendant by name every time he references them before sending it to the court.

Baggett should limit his complaint to related claims. Claims are related either if the same defendant is involved in each claim <u>or</u> if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Claims are not related merely because they all happened at the same correctional facility. *See Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020). "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For these reasons, the court:

(1) GRANTS Delashun Baggett until **December 18, 2025**, to file an amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 17, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT