UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

Plaintiff,

v.

CENTURION, HEAD NURSE, NURSE DEBB, NURSE SHALAINA, NURSE ANGIE, and SHELLY MYERS,

Defendants.

CAUSE NO. 3:25-CV-896-TLS-AZ

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed an amended complaint against Centurion and several nurses because he is unhappy with the medical care he received while housed at the Miami Correctional Facility. ECF 7. On April 14, 2026, he filed a proposed amended complaint with the court. ECF 13. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (cleaned up). The court has considered Baggett's April 14, 2026, proposed amended complaint (ECF 13) and will grant leave to file the amendment. The clerk will be directed to separately file the amended complaint.

Baggett also filed a document he titled as a "Motion to Amend, Add Brief to File, [and] Request an Outside Specialist for Anal Bleeding." ECF 19. This document is an attempt to supplement his complaint to include allegations that were not raised in either Baggett's amended complaint or his second amended complaint. ECF 7; ECF 13. This court's local rules require amended complaints to stand on their own and do not allow parties to amend complaints in a piecemeal fashion. *See* Fed. R. Civ. P. 11(a); N.D. Ind. L.R. 15-1. Baggett did not attach a signed proposed amended complaint that is complete in and of itself to his motion. He also did not use this court's a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, even though he has been told he must use this form. ECF 5 at 3. Additionally, to the extent the document constitutes a legal brief, that is neither necessary nor helpful at this stage of the case. Furthermore, the allegations and relief sought in the document fall outside the scope of this case. When Baggett initially sued "doctors" and "nurses" for a variety of alleged wrongs (ECF 1), the court explained to Baggett that he cannot bring unrelated claims in a single lawsuit. ECF 5 at 4. The court explained that claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Claims are not related merely because they all happened at the same correctional facility. *See Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020). "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In response, Baggett narrowed his claims to Centurion and four nurses. ECF 7. He then amended again and added an additional nurse. ECF 13. The allegations in Baggett's supplement are not limited to Centurion or the five nurses he previously named. He complains about guards, doctors, dental care, eye care, ear problems, and anal bleeding. Baggett cannot litigate all his alleged wrongs in a single case just because they each

occurred at Miami Correctional Facility or because the defendants were each employed by Centurion. For all these reasons, Baggett's "Motion to Amend, Add Brief to File, [and] Request an Outside Specialist for Anal Bleeding" (ECF 19) is denied and the court will screen the second amended complaint filed on April 14, 2024. ECF 13.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Furthermore, negligence does not state a claim. *Estelle*, 429 U.S. at 106 (finding that negligence or medical malpractice do not constitute deliberate indifference).

Baggett is suing six defendants: Centurion, Head Nurse, Nurse Debb, Nurse Angie, Nurse Shalaina, and Nurse Practitioner Shelly Myers. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Baggett's complaint is unfocused and many of his allegations do not make any mention of the defendants he has named in this case. This court will limit its analysis to Baggett's allegations that specifically name one of the defendants.[1]

On March 7, 2024, Baggett filed a PREA complaint and sought medical care. He saw Nurse Shalaina, who allegedly called him a liar and refused to perform a rape kit or provide Baggett with medical assistance. Baggett does not provide any details regarding the

[1] This means that Baggett's allegations regarding things that happened on June 26, 2024, June 27, 2024, July 16, 2024, August 6, 2024, March 10, 2025, July 31, 2025, August 21, 2025, December 3, 2025, March 24, 2026, and March 26, 2026, will not be further discussed in this order because the allegations are not connected to any named defendant.

circumstances that led to him filing a PREA complaint such that it can be plausibly inferred that Nurse Shalaina was deliberately indifferent to Baggett's needs when she refused to perform a rape kit. Baggett also does not describe any injuries that required medical assistance such that it could be plausibly inferred that Nurse Shalaina was deliberately indifferent to those needs. Therefore, these allegations do not state a claim against Nurse Shalaina.

On March 9, 2024, Baggett was injured in some unspecified way in an altercation with guards. He alleges that Nurse Debb denied him treatment for these injuries. He further alleges that Nurse Debb assaulted and hit him in some unspecified way and used Narcan on him "maliciously/sadisticly [sic]." ECF 13 at 2. These allegations are far too vague to state a claim against Nurse Debb.

On March 12, 2024, Baggett was examined by Nurse Shalaina. Baggett indicates he had a spinal injury, his fingers were all twisted and out of their sockets, he could not see out of his left eye, his wrist was cut, and he had head trauma. Nurse Shalaina allegedly lifted his shirt and said "get him out of here." ECF 13 at 3. Because it can be plausibly inferred that Nurse Shalaina was deliberately indifferent to Baggett's serious medical needs on March 12, 2024, he may proceed on this claim.

On July 9, 2024, Sgt. Caten called for a trauma unit to assist Baggett. Baggett reports that he had a broken arm and he was bleeding from another altercation with a guard. Nurse Angie allegedly told the trauma unit responders not to assist Baggett. Nurse Angie also did not provide Baggett with medical care. Giving Baggett the benefit of all plausible inferences, he has stated a claim against Nurse Angie.

In the week or two that followed July 9, 2024, Nurse Angie, Nurse Debb, Nurse Shalaina, and Nurse Myers each failed to give Baggett his medications. Baggett indicates that he should

have received an antibiotic, pain medication, and medication for a psychiatric condition. It is unclear who prescribed these medications or why they were prescribed. When the nurses were delivering medications, they walked past his cell without stopping. It is unclear why this occurred. Baggett does not describe any conversations he had with any of the nurses about why he was not getting his medications. Without more details, the court cannot find that it could be plausibly inferred that any of the nurses were acting with deliberate indifference when they failed to give him medications. Therefore, he will not be permitted to proceed on this claim.

Baggett also alleges that, on an unspecified date, Nurse Shelly Myers refused to provide him with medication he had been taking for herpes and refused to provide him with a walker. These allegations are vague and insufficient to state a claim against Nurse Shelly Myers.

Baggett alleges generally that he is being retaliated against for reporting on the defendants. He has not, however, identified any specific First Amendment activity or any adverse action that he believes was motivated by retaliation. He has also not asserted facts from which it could be plausibly inferred that there is a "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Baggett's cursory allegation of retaliation is insufficient to state a claim.

Baggett has also named Centurion as a defendant. A private company performing a public function can be sued under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources,*

*Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage, . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Baggett describes a series of encounters with Centurion staff that he found to be unsatisfactory. However, he has not alleged that his medical treatment was inadequate due to a widespread policy, custom, or practice of Centurion. Therefore, he may not proceed against Centurion.

Baggett seeks injunctive relief in addition to monetary damages. He alleges that so many bad things have happened to him that he is afraid to get medical care from the staff at the Miami Correctional Facility. Baggett has stated only two claims: a claim against Nurse Shalaina stemming from events that occurred on March 12, 2024, and a claim against Nurse Angie stemming from events that occurred on July 9, 2024. It cannot be plausibly inferred from the allegations in Baggett's second amended complaint that permanent injunctive relief allowing Baggett to receive his medical care outside the prison is warranted. Therefore, he may not proceed on a claim for permanent injunctive relief.

Baggett also claims that he is being discriminated against and denied services in violation of the Americans with Disabilities Act (ADA), 42 U.S.C §§ 12131–12134.[2] He may have also intended to assert claims pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. § 794, although that is not entirely clear from his second amended complaint. He cannot state a claim pursuant to the ADA or the Rehabilitation Act against the nurses because a claim under the ADA and the Rehabilitation Act cannot be brought against individual employees. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 & 670 n.2 (7th Cir. 2012). Any claim under these statutes is a claim

[2] More specifically, Baggett alleges that he has been denied access to a walker or wheelchair and this has caused him to miss medical appointments.

against the state agency itself and must be brought against the state agency itself. *Id.* at 670. Furthermore, any claims Baggett may have that arise under the ADA or Rehabilitation Act are not sufficiently related to the claims against Nurse Shalaina and Nurse Angie that are proceeding here. As noted earlier in this order, "unrelated claims against different defendants belong in different suits . . . ." *George*, 507 F.3d at 607. Thus, if Baggett wishes to pursue these claims, he will need to pursue them in a new case**. Baggett is REMINDED that he has now incurred three strikes for filing lawsuits that were frivolous, malicious, or failed to state a claim pursuant to 28 U.S.C. § 1915A.**[3] **That means that, unless he is in imminent danger of serious physical injury, he does not qualify to proceed in forma pauperis and must pre-pay the filing fee in full should he decide to pursue this matter in another case. *See* 28 U.S.C. § 1915(g).**

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to amend his complaint and DIRECTS the clerk to separately file his April 14, 2026, second amended complaint (ECF 13);

(2) DENIES Delashun Baggett's "Motion to Amend, Add Brief to File, [and] Request an Outside Specialist for Anal Bleeding" (ECF 19);

(3) GRANTS Delashun Baggett leave to proceed against Nurse Shalaina in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs on March 12, 2024, in violation of the Eighth Amendment;

[3] Baggett incurred strikes in the following cases: (1) *Baggett v. Officer,* 3:25-CV-708 (N.D. Ind. filed August 19, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim on November 17, 2025; (2) *Baggett v. IDOC,* 3:25-CV-835 (N.D. Ind. filed October 3, 2025), dismissed as under 28 U.S.C. § 1915A for failure to state a claim on December 4, 2025; and (3) *Baggett v. Vasas,* 3:25-CV-836 (N.D. Ind. filed October 3, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim on January 9, 2026.

(4) GRANTS Delashun Baggett leave to proceed against Nurse Angie in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs on July 9, 2024, in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Centurion, Head Nurse, Nurse Deb, and Shelly Myers;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshal Service to use any lawful means to locate and serve process on) Nurse Shalaina and Nurse Angie at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 7);

(8) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Shalaina and Nurse Angie to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT